# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* JIM SOUTHARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KIPPER TOOL COMPANY,<br><br>　　　　Defendant. | Civil Action No.<br><br>2:23-cv-225-RWS |

**DEFENDANT KIPPER TOOL COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT UNDER FED. R. CIV. P. 12(B)(6)**

David W. DeBruin (admitted *pro hac vice*)
Jenner & Block, LLP
1099 New York Avenue, NW
Washington, DC 20001
Phone: 202-639-6015
Email: ddebruin@jenner.com

Matthew Tyler Smith
Smith, Gilliam, Williams & Miles, P.A.
340 Jesse Jewell Parkway, Suite 300
Gainesville, GA 30501
Phone: 770-536-3381
Email: tsmith@sgwmfirm.com

Attorneys for Defendant,
Kipper Tool Company

January 19, 2024

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

BACKGROUND ................................................................................................................................... 1

LEGAL STANDARD ........................................................................................................................... 3

ARGUMENT ......................................................................................................................................... 4

I.     The Complaint Should Be Dismissed Because Relator Fails to Adequately Plead Presentment of a False Claim. ............................................................................................... 4

II.    The Complaint Should Be Dismissed Because Relator Fails to Adequately Plead Scienter. ..................................................................................................................................... 7

CONCLUSION ...................................................................................................................................... 9

## TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .........................................................3

*Carrel v. AIDS Healthcare Foundation, Inc.*, 898 F.3d 1267 (11th Cir. 2018) ....................5

*Corsello v. Lincare*, 428 F.3d 1008 (11th Cir. 2005) ..........................................................5

*United States ex rel. 84Partners, LLC v. Nuflo, Inc.*, 79 F.4th 1353 (11th Cir. 2023) ................................................................................................................3, 4, 5, 6

*United States ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d 1301 (11th Cir. 2002) ..............................................................................................................3, 7

*United States ex rel. Southeastern Carpenters Regional Council v. Fulton County*, No. 14-cv-4071, 2016 WL 4158392 (N.D. Ga. Aug. 5, 2016) ....................................3, 6, 7, 8

*United States v. Honeywell International, Inc.*, Case No. LA CV12-02214, 2014 WL 12579803 (C.D. Cal. Jan. 24, 2014) ................................................................................9

*United States v. Honeywell International, Inc.*, Case No. LA CV12-02214, 2014 WL 12577379 (C.D. Cal. Apr. 29, 2014), *aff'd*, *United States ex rel. Thompson v. Honeywell International, Inc.*, 649 F. App'x 617 (9th Cir. 2016) .........................................9

**STATUTES**

31 U.S.C. § 3729(a)(1)(A) (formerly 31 U.S.C. § 3729(a)(1)) ...........................................2

31 U.S.C. § 3729(a)(1)(B) (formerly 31 U.S.C. § 3729(a)(2)) ...........................................2

**OTHER AUTHORITIES**

Fed. R. Civ. P. 9(b) ..............................................................................................................3

Fed. R. Civ. P. 12(b)(6) ........................................................................................................1

Defendant Kipper Tool Company ("KTC") respectfully files this motion to dismiss the Complaint [Dkt. 1] under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief.

## BACKGROUND

Relator Jim Southard ("Relator") filed this suit under the False Claims Act ("FCA") alleging a widespread scheme by KTC to overcharge the Government in violation of complex regulatory pricing requirements. *See* Complaint ("Compl.") [Dkt. 1]. After reviewing Relator's Complaint for more than seven years, the United States declined to intervene to pursue any claims against KTC. [Dkt. 40]

The Complaint asserts claims under two contracts with the General Services Administration ("GSA"): Contract GS-06F-0018L and Contract GS-30F-0036X. *See* Compl. at 6. In an initial "Legal Background" section, the Complaint alleges that under detailed procurement regulations applicable to those contracts, KTC was required to treat GSA as its "Most Favored Customer" and to apply the provisions of a "Price Adjustment Clause" and a "Price Reduction Clause." *See* Compl. at 6-11 ("Legal Background"); *id*. at 6 (alleging that the Price Reduction Clause and Price Adjustment Clause were incorporated into Contract GS-06F-0018L and Contract GS-30F-0036X); *id*. at 8 (same).

The Complaint then proceeds to present "Factual Allegations," in two parts. The first part, labeled "Contract Formation," is exceedingly limited and general. *See* Compl. at 11-13. There is no identification of any specific contract, when it was entered, or by whom; there is no reference even to "GSA," but only to "the Government"; and there is no identification of a single person involved in the alleged fraudulent scheme, much less any person who knowingly violated the regulatory scheme in an effort to defraud GSA. *See id*. In what is perhaps the most specific allegation, the Complaint alleges that "[w]hen Relator arrived at the Company and proposed to

make changes or asked questions about the logic behind the discount disparity, *Kipper Tool* would ignore his comments and not take further action." *Id*. at 13 (emphasis added).  Relator does not identify what changes he proposed to make, what questions he asked, whom he spoke to, when the conversation occurred, or how that person (or persons) responded.

The second part of the "Factual Allegations" is labeled "Data Analysis."  Compl. at 13-14.  This section describes a series of spreadsheets, some of which are claimed to be "Kipper pricing lists and discount spreadsheets," *id*. at 13 (exhibits 4-6), and others of which apparently were prepared by Relator's counsel (exhibits 1-3).  None of the purported Kipper Tool pricing lists and discount spreadsheets are identified or authenticated as to who prepared them, when, or for what purpose.  The spreadsheets are voluminous, with two of them claimed to contain 50,418 and 65,533 rows, respectively.  *Id*.

The Complaint then provides a "Representative Example" of the supposed fraud.  Compl. at 14-19.  Although this attempt to provide even a single example of the fraud runs for five pages of the Complaint, it fails to identify a single KTC employee involved in the supposedly fraudulent activity.  Even more critically, it fails to identify any actual false claim for payment associated with that example, *or even to show that the government sales claimed in the example were actually made to GSA under the contracts at issue in the Complaint.*

Taking the Complaint as a whole, the Complaint (a) fails to identify any actual false claims for payment to (or through) GSA under the contracts at issue; (b) fails to identify a single Kipper Tool employee allegedly involved in the fraudulent scheme; and (c) fails to allege a single person who *knowingly* mischarged GSA under the contracts at issue.

The Complaint asserts two claims, under 31 U.S.C. § 3729(a)(1)(A) (formerly 31 U.S.C. § 3729(a)(1)) and under 31 U.S.C. § 3729(a)(1)(B) (formerly 31 U.S.C. § 3729(a)(2)).

2

## **LEGAL STANDARD**

The Court of Appeals recently affirmed the dismissal of a *qui tam* complaint on grounds fully applicable here. *United States ex rel. 84Partners, LLC v. Nuflo, Inc.*, 79 F.4th 1353 (11th Cir. 2023). As summarized in that case: "To survive a motion to dismiss for failure to state a claim on which relief can be granted, a complaint must include 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of such a motion, the complaint's factual allegations, though not its legal conclusions, must be accepted as true. *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)." *84Partners*, 79 F.4th at 1358.

Because a complaint alleging a violation of the False Claims Act alleges fraud or mistake, "Rule 9(b) goes further, requiring the complaint to 'state with particularity the circumstances constituting fraud or mistake.'" *Id.* at 1358-59.[1] As the Court of Appeals has explained:

> Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002) (quoting *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)); *see also United States ex rel. Southeastern Carpenters Regional Council v. Fulton Cnty.*, No. 14-cv-4071, 2016 WL 4158392, at *5 (N.D. Ga. Aug. 5, 2016) ("[T]he complaint must describe the who, what, when, where, and how of each element of a fraud claim, except scienter." (quoting *United States ex rel.*

---

[1] Even under Rule 9(b), "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

3

*Creighton v. Beauty Basics Inc.*, No. 13-cv-1989, 2016 WL 3519365, at *2 (N.D. Ala. June 28, 2016)).

# ARGUMENT

I. **The Complaint Should Be Dismissed Because Relator Fails to Adequately Plead Presentment of a False Claim.**

In *84Partners* and numerous other cases in this Circuit, *qui tam* complaints have been dismissed for failure to plead with particularity the actual submission or payment of false claims. In *84Partners*, the Court of Appeals emphasized that under both § 3729(a)(1)(A) and § 3729(a)(1)(B), as well as under the prior version of the statute, "an essential element that must be alleged in a False Claims Act complaint is the actual presentment or payment of a false claim." 79 F.4th at 1360. The Court underscored that "[i]ndeed, *Clausen* labeled submission of a claim 'the *sine qua non* of a False Claims Act violation.'" *84Partners*, 79 F.4th at 1360 (quoting *Clausen*, 290 F.3d at 1311). "Standing alone, a fraudulent scheme, no matter how egregious, is not enough; there must be an actual false claim." *84Partners*, 79 F.4th at 1360.

The Court of Appeals reiterated that the demands of Rule 9(b) are particularly important in *qui tam* suits like the present. It explained that "in such cases the rule 'ensures that the relator's strong financial incentive to bring an FCA claim ... does not precipitate the filing of frivolous suits.'" *Id.* (quoting *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1360 (11th Cir. 2006)).

Relator's Complaint in the instant case purports to describe a widespread fraudulent scheme, which it attempts to substantiate through voluminous spreadsheets and detailed descriptions of applicable government procurement regulations. But alleging a fraudulent scheme, no matter how detailed, is not enough to adequately state a claim for relief under the False Claims Act. In *84Partners*, the Court of Appeals emphasized that "[t]he complaint in *Clausen* alleged the

4

defendant engaged in a specifically described, multifaceted, decade-long practice of performing unnecessary medical tests on residents of long-term care facilities." *84Partners*, 79 F.4th at 1360. The complaint at issue in *Clausen* had "alleged [that] bills for the tests were submitted to the government within a few days after the tests were performed." *Id*. The Court in *84Partners* continued, however: "But the complaint did not attach any bills or give their dates or amounts." *Id*. The District Court in *Clausen* had dismissed the complaint for failure to plead with particularity the actual presentment of false claims, and the Court of Appeals had affirmed, explaining that Rule 9(b)

> does not permit a False Claims Act plaintiff merely to describe a private scheme in detail but then to allege simply and without any stated reason for his belief that claims requesting illegal payments must have been submitted, were likely submitted or should have been submitted to the Government…. [I]f Rule 9(b) is to be adhered to, some indicia of reliability must be given in the complaint to support the allegation of *an actual false claim* for payment being made to the Government.

*84 Partners*, 79 F.4th at 1360-61 (quoting *Clausen*, 290 F.3d at 1311; emphasis provided in *Clausen*).

In its recent decision in *84Partners*, the Court of Appeals noted that its decision in *Clausen* was followed in *Corsello v. Lincare*, 428 F.3d 1008 (11th Cir. 2005)—which had "presented the same problem: a detailed description of a widespread fraudulent scheme unaccompanied by particularized allegations of the actual presentment of false claims," *84Partners*, 79 F.4th at 1361—and in *Carrel v. AIDS Healthcare Found., Inc.*, 898 F.3d 1267, 1275 (11th Cir. 2018). In *84Partners*, the Court similarly described *Carrel* as a case in which "the relator alleged with considerable particularity a kickback scheme actionable under the False Claims Act," but "failed to allege with particularity the actual submission of a false claim." *84 Partners*, 79 F.4th at 1361.

The Court of Appeals followed these precedents in *84Partners* itself. It described that "[t]he complaint alleges with particularity egregious underlying misconduct." *Id*. "But like the

5

complaints in *Clausen*, *Corsello*, and *Carrel*, the complaint does not allege with particularity the actual submission of false claims." *Id.* The Court of Appeals thus affirmed the District Court's dismissal of the complaint.

There are numerous other decisions of this Court, and the Court of Appeals, applying these same principles and dismissing *qui tam* complaints for failure to plead with particularity the actual submission or payment of false claims. The decision of this Court in *Southeastern Carpenters Regional Council*, is illustrative. *See* 2016 WL 4158392, at *7-10 (dismissing *qui tam* complaint for failure to adequately plead the submission or payment of false claims, and discussing additional Eleventh Circuit authority).

These decisions, all in this Circuit, compel the dismissal of Relator's complaint here for failure to plead with particularity the actual submission or payment of false claims. Relator attempts to plead a fraudulent scheme in some detail, supposedly supported by spreadsheets with tens of thousands of rows, and claims of pricing that did not comply with applicable government procurement regulations. But the Complaint fails to identify a single actual claim for payment in which improper pricing was submitted to GSA under the contracts at issue. Relator's Complaint provides no particularized allegations regarding *who* actually was billed (or that it even was GSA that was billed), for *what* amount, at *what* time, for *what* products, under *what* contract.

These details, essential under Rule 9(b), are particularly critical given the allegations in the instant case, where Relator contends that a particular price may be appropriate under the GSA contract on one date, but may be rendered inappropriate on a later date because of an intervening commercial sale at a lower price. *See, e.g.*, Compl. at 9 ("If this ratio is ever 'disturbed' by a decrease in price to a commercial customer, then the Government must automatically receive the same discount."). The Complaint also acknowledges that there are exceptions to the pricing

6

requirements it alleges. *See id*. ("If it turns out that any commercial customers are set to receive better pricing than the Government, a complete justification must be given."). The Complaint provides no basis to know whether such a justification was given in connection with any actual claims for payment or not. Identification of the actual claims for payment at issue also is important because KTC has many contracts with the Government beyond these GSA contracts. However, there simply is no particularity in the Complaint to establish the actual submission or payment of false claims by KTC. As a result, under the direct authority of *84Partners*, *Clausen*, *Corsello*, *Carrel* and other cases, both claims in the Complaint must be dismissed under Rule 9(b).

Requiring Relator to identify specific actual claims for payment that allegedly were false (if he is able to do so, as he must) will also serve to focus this litigation significantly. KTC is a small company with few employees and highly limited revenues. Under Rule 9(b), it should not be forced to defend a countless number of small transactions—which it could do if necessary, one by one—absent particularized allegations that specific claims for payment, made at specific times and based on particularized facts, were knowingly false.

**II.     The Complaint Should Be Dismissed Because Relator Fails to Adequately Plead Scienter.**

As set forth above, an additional requirement under Rule 9(b) is that a complaint alleging fraud must identify the "who" engaged in the supposed fraud. *See Clausen*, 290 F.3d at 1310 ("Rule 9(b) is satisfied if the complaint sets forth … the person responsible for making" the alleged false statements at issue"); *Southeastern Carpenters Regional Council*, 2016 WL 4158392, at *5 ("[T]he complaint must describe the who…" (quoting *Creighton*, 2016 WL 3519365, at *2)). Although scienter may be alleged generally under Rule 9(b), that does not eliminate the obligation to identify *who* had the required state of mind to defraud the Government. Here, the Complaint fails to identify a single person involved in the alleged fraud, even though Relator worked at KTC,

7

and KTC is a small company. In order to defend this case, KTC is entitled to know *who* Relator contends orchestrated and directed the fraud, *who* knew and carried it out, and *who* knowingly submitted false claims for payment to GSA. Rule 9(b) requires it.

The decision of this Court in *Southeastern Carpenters Regional Council* is again directly on point. The Court there dismissed the *qui tam* complaint because, among other reasons, "[t]he Complaint does not identify any employees involved in the alleged DBRA violations, with one exception." 2016 WL 4158392, at *7; *see also id.* (citing *United States ex rel. Butler v. Magellan Health Servs., Inc.*, 74 F. Supp. 2d 1201, 1216 (M.D. Fla. 1999) as "dismissing an FCA claim, partly because 'Plaintiff does not provide any specific names of staff involved in the fraud'"). This Court in *Southeastern Carpenters Regional Council* also held that the relators had failed to adequately plead scienter. The Court explained:

> Although specific intent to defraud is not required, 31 U.S.C. § 3729(b)(1)(B), and knowledge need not be pled with particularity, Fed. R. Civ. P. 9(b), the scienter requirement is "rigorous," *Universal Health*, 136 S. Ct. at 2002. [*Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 136 S. Ct. 1989 (2016)] It is not intended to "punish[ ] honest mistakes or incorrect claims submitted through mere negligence" or to impose "a burdensome obligation on government contractors rather than a limited duty to inquire." *Urquilla-Diaz*, 780 F.3d at 1058 (quoting *United States v. Sci. Applications Int'l Corp.*, 626 F.3d 1257, 1274 (D.C. Cir. 2010)) (internal quotation marks omitted). [*Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039 (11th Cir. 2015)]

2016 WL 4158392, at *11. This Court found the complaint in *Southeastern Carpenters Regional Council* "insufficient to meet the 'rigorous' requirement to plead scienter," *id.*, emphasizing that "[n]othing in the Complaint shows that any Defendant knew their conduct violated the DBRA and rendered their claims false." *Id.*

Relator's allegation that when he "proposed to make changes or asked questions … *Kipper Tool* would ignore his comments and not take further action," Compl. at 13 (emphasis added), is insufficient to satisfy Rule 9(b) or to adequately plead that any individual acted with the required

8

scienter. As the District Court explained in *United States v. Honeywell International, Inc.*, Case No. LA CV12-02214, 2014 WL 12579803, at *3 n.5 (C.D. Cal. Jan. 24, 2014):

> Here, the [amended complaint] is deficient because it does not identify with particularity those who allegedly made knowingly fraudulent representations to the Government. Plaintiff contends that the fraud was committed by "[t]he officers, managers and employees of Defendant . . . primarily the Honeywell Defense and Aerospace Division in Clearwater, Florida." Dkt. 78, at 7. Such a broad allegation is not "specific enough to give defendant[] notice of the particular misconduct which is alleged." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993); *Williams v. Martin-Baker Aircraft Co.*, 389 F.3d 1251, 1257 (D.C. Cir. 2004) ("The complaint also fails to identify with specificity who precisely was involved in the fraudulent activity. The complaint repeatedly refers generally to 'management' and provides a long list of names without ever explaining the role these individuals played in the alleged fraud—an especially surprising deficiency given that [Plaintiff] worked for [Defendant] . . . for five years. This imprecision . . . failed to give the companies sufficient information to answer the complaint.").

This analysis is fully applicable here. *See also United States v. Honeywell Int'l, Inc.*, Case No. LA CV12-02214, 2014 WL 12577379 (C.D. Cal. Apr. 29, 2014) (denying motion for reconsideration), *aff'd*, *United States ex rel. Thompson v. Honeywell Int'l, Inc.*, 649 F. App'x 617 (9th Cir. 2016).

For these additional reasons, both counts in the Complaint should be dismissed for failure to identify the "who" involved in the fraud with particularity as required by Rule 9(b), and for failure to meet the "rigorous" requirement to plead scienter.

## **CONCLUSION**

For the foregoing reasons, and any other reasons that may appear to the Court, Defendant Kipper Tool Company respectfully asks that the Court dismiss the Complaint under Rule 12(b)(6) for failure to state a claim for relief.

9

Respectfully submitted,

_____/s/_____
David W. DeBruin

David W. DeBruin (admitted *pro hac vice*)
Jenner & Block, LLP
1099 New York Avenue, NW
Washington, DC 20001
Phone: 202-639-6015
Email: ddebruin@jenner.com

Matthew Tyler Smith
Smith, Gilliam, Williams & Miles, P.A.
340 Jesse Jewell Parkway, Suite 300
Gainesville, GA 30501
Phone: 770-536-3381
Email: tsmith@sgwmfirm.com

Attorneys for Defendant,
Kipper Tool Company